UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| RONALD R. MADDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO: 3:17-cv-00037 |
| | ) |
| TOYOTA MOTOR MANUFACTURING INDIANA, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Ronald R. Madden ("Madden"), by counsel, against Defendant, Toyota Motor Manufacturing Indiana, ("Defendant"), for its discriminatory actions against him based on his age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 et. seq. ("ADEA), his gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., ("Title VII"), his disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et. seq. ("ADA"), and for its retaliatory actions towards him based on his participation in an internal investigation into a protected activity complaint in further violation of Title VII.

**II. PARTIES**

2. At all times relevant to this action, Madden resided within the Southern District of Indiana.

3. The Defendant is a corporation that conducts business in the Southern District of Indiana.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. § 626, 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b), 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1211(5)(A).

6. Madden, at all times relevant, has been an "employee" as that term is defined by 29 U.S.C. § 630(f), 42 U.S.C. § 2000e(f) and 42 U.S.C. § 12111(4). Madden is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c). At all relevant times, Defendant had knowledge of Madden's disability and/or it regarded Madden as being disabled and/or Madden has a record of being disabled.

7. Madden exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission. Madden received his Notice of Suit Rights for the Charge of Discrimination and timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

## IV. FACTUAL ALLEGATIONS

9. Madden is a male individual who is currently sixty-two (62) years old.

10. During all relevant time periods, Madden met or exceeded the Defendant's legitimate performance expectations.

11. Madden began working for the Defendant in 1998, and held the position of Assembly Team Member at the time his employment was terminated by the Defendant.

12. Madden suffers from a recognized disability that affects such major life activities of eating, digesting, walking, standing, sleeping and ambulating.

13. Madden's disability required him to keep candy containing sugar on hand in case issues with his disability arose during his work hours and Madden would regularly share his candy—chocolate truffle balls, with his co-workers.

14. Other similarly-situated younger co-workers, female co-workers and co-workers who did not suffer from a recognized disability with the Defendant would regularly refer to Madden's chocolate truffle balls in a sexually suggestive manner and make other jokes concerning their consumption of the truffle balls.

15. On February 11, 2016, Madden was summoned to a meeting with the Human Resources department who informed him there had been a sexual harassment complaint made and Madden became an active participant in the investigation and responded to all questions presented to him on that date.

16. Madden did not receive any further information concerning the investigation until February 17, 2016, when he was informed his employment was being terminated.

17. Prior to his termination Madden was never informed what investigation actually occurred or who allegedly made the sexual harassment complaints or what those complaints even concerned or involved.

18. Upon being informed of his termination, Madden requested to instead formally retire in lieu of being formally terminated. Madden was provided information that led him to believe the Defendant had facilitated his retirement request, but Madden was later informed that the termination due to alleged sexual harassment remained on his work record. Madden was also informed that he would never be permitted to return to the Defendant's premises for any reason,

attend any future family corporate functions with the Defendant, and could not ever use the Defendant's pharmacy services or any of the Defendant's other future health services as normal retirees with the Defendant are permitted to do.

19. Madden believes that none of the other similarly situated younger co-workers, female co-workers and co-workers who did not suffer from a recognized disability with the Defendant were ever investigated or disciplined for their sexually harassing behavior, comments or jokes.

20. Madden has suffered damages and continues to suffer damages as a result of Defendant's unlawful conduct and unlawful actions taken against his employment.

## V. LEGAL ALLEGATIONS

### COUNT I: AGE DISCRIMINATION

21. Madden hereby incorporates paragraphs one (1) through twenty (20) of his Complaint as if the same were set forth at length herein.

22. Defendant violated Madden's rights as protected by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq., by subjecting him to less favorable terms of employment and discipline than younger, similarly-situated individuals.

23. Defendant's actions were intentional, willful, and in reckless disregard of Madden's rights as protected by the ADEA.

24. Madden has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II—GENDER DISCRIMINATION

25. Madden hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint as if the same were set forth at length herein.

26. Madden was subjected to less favorable terms and conditions in his employment and the administration of discipline with Defendant because of his gender.

27. Defendant's actions were intentional, willful, and in reckless disregard of Madden's rights as protected by Title VII of the Civil Rights Act of 1964.

28. Madden has suffered damages as a result of Defendant's unlawful actions.

### COUNT III—DISABILTY DISCRIMINATION

29. Madden hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint as if the same were set forth at length herein.

30. Defendant violated Madden's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. by discriminating against and then ultimately terminating his employment based upon his disability.

31. Defendant's actions were intentional, willful, and in reckless disregard of Madden's rights as protected by the ADA.

32. Madden has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT IV--RETALIATION

33. Madden hereby incorporates paragraphs one (1) through thirty-two (32) of his Complaint as if the same were set forth at length herein.

34. Madden participated in an internal investigation with the Respondent concerning an allegation filed by another employee alleging sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

35. The Defendant retaliated against Madden for his participation and information provided in the internal investigation by terminating his employment.

36. Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

37. Defendant's actions were willful, intentional and done with reckless disregard for Madden's civil rights.

38. Madden has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Permanently stop from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her age, gender and/or disability;

2. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for the Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Pay Plaintiff's lost wages and benefits;

4. Pay to Plaintiff liquidated damages for its discriminatory actions under the ADEA;

5. Pay to Plaintiff compensatory, consequential and punitive damages;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: baylsworth@bdlegal.com

*Attorneys for Plaintiff, Ronald R. Madden*

### DEMAND FOR JURY TRIAL

The Plaintiff, Ronald R. Madden, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: baylsworth@bdlegal.com

*Attorneys for Plaintiff, Ronald R. Madden*